SEP 28 '22 PM4:36
RCVD, USDC OF NJ

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY AT TRENTON

HILDA T KENNEDY

- against -

THE NEW JERSEY COURT SYSTEM

CIVIL CASE

COMPLAINT AND JURY DEMAND

DISABILITY RIGHT
CIVIL RIGHTS
NJLAD
ACTING UNDER THE COLOR OF LAW

DECLARATORY JUDGEMENT ACTION

DOCKET:_____

## COMPLAINT

Plaintiff, Hilda T Kennedy, a 90-year-old naturalized Citizen of the United States of America, is disabled by way of being legally blind, and being crushed by a 14,000 lbs. Jitney bus in Atlantic City respectfully alleges:

1.  Hilda Tobias Kennedy (hereafter "I" "me" "Hilda" "Hilda Kennedy" or "Plaintiff") brings this suit against Defendant, the New Jersey Court System (Hereafter "N.J.C.S."), to enforce Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§12131-34, as amended, and its implementing regulation, 28 C.F.R. Part 35, and Law Against Discrimination, N.J.S.A. 10:5-1, et seq. Hilda Kennedy has unlawfully been discriminated against her by the New Jersey Court System, and by its employees in violation of Title II of the ADA and NJLAD, as will be explained herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under Title II of the ADA, 42 U.S.C. § 12133, and 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. § 2000e-5, and TITLE 18, U.S.C. SECTION 242. This Court's pendent jurisdiction is also invoked for claims brought under New Jersey Law Against Discrimination, N.J.S.A. 10:5-1.

3. The Court may grant the relief sought in this action pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. § 12133.

4. Hilda Kennedy has the authority to seek a remedy for violations of Title II of the ADA. 42 U.S.C. § 12133; 28 C.F.R. pt. 35, Subpart F.

5. The venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred in this judicial district.

## PARTIES

6. Plaintiff, Hilda T Kennedy, a 90-year-old naturalized Citizen of the United States of America, is disabled by way of being legally blind (Exhibit A), and being crushed by a 14,000 lbs. Jitney bus (Exhibit B). A resident of 2834 Atlantic Ave, 815, Atlantic City, NJ 08401 in Atlantic County.

7. The Judiciary of New Jersey comprises the New Jersey Supreme Court as the state supreme court and many lower courts. The Judiciary, or justice system, is one of the three co-equal but independent branches of state government established in New Jersey by the 1947 state constitution. Courts are a very visible part of our legal system.

8. Defendant the New Jersey Court System ("N.J.C.S.") is established by the 1947 Constitution of New Jersey and consists of all of the state courts and judges in New Jersey including the Supreme Court. As the state court system of New Jersey, the N.J.C.S. is a "public entity" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104 and is therefore subject to Title II of the ADA and its implementing regulation. Each year, about seven million new cases are filed in New Jersey's state-level courts. The decisions that are made in our courts influence people's lives in countless ways. The Supreme Court is the highest court in New Jersey and exercises general supervisory and administrative authority over the entire N.J.C.S..

9. Plaintiff is a qualified individual with disabilities who are protected by Title II of the ADA because of their legally blind impairments and Jitney bus injuries (Exhibits A & B). Both of these disabilities are physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(1)(A); 2

## EXPLANATION OF COMPLAINT BY DISABLED PLAINTIFF
## HILDA T KENNEDY

10. I am under a great deal of stress due to everything surrounding this complaint (Exhibit C), legally blind, retired, and suffering intermittent pain from being crushed by a 14,000 lbs. jitney bus. I am not an attorney. The violations have a long history to present so please bear with me and review the allegations as they are explained briefly as required by the FRCP, in the interest of justice. Do not expect flawless grammar, perfect citations or perfect references, and well-established legal writing because I cannot do it.

11. In 2014, the year that four Atlantic City casinos closed, I was assaulted by a jitney driver and hospitalized (Exhibit D). Since I am disabled and the crime happened inside the Jitney with a videotape running, he should have been charged with aggravated assault, no excuse. Still, no charges were filed despite my request to press charges. More, the videotape was not produced.

12. I filed civil action ATL-L-2208-16 for assault against a disabled person.

13. The original judge was Hon. Judge Johnson, writer of Boardwalk Empire which he explained was based on his work on the New Jersey Judiciary System. It was reassigned to Hon. Judge John Porto.

14. Since the videotape was not provided I requested sanctions for not producing a video and in the alternative, at minimal, a negative inference. All were denied. For the oral argument, I requested in writing that Hon. John C Porto speaks slowly, loudly, clearly, and explain. He did not acknowledge my correspondence and did not act upon my ADA reasonable request.

15. When you are legally blind non-acknowledgment by an official is a natural basis for discrimination due to your blindness. For example, it would be a reasonable request to ask an official such as the police: "Is that a red light, can I cross?". If you do not acknowledge or answer a reasonable request you are discriminating against a disabled person in violation of state and federal law, no excuse. In this case, both are true by Honorable John Porto.

16. The case was settled despite the judge's refusal to allow for the production, sanctions, or even a negative inference, which is required by NJ Law. The Defendant's insurance attorney said that a jury would find the negative inference regardless and the insurance wanted to settle. Hon. Judge Porto in open court under *sua sponte* requested to know the settlement amount. I could see as my husband and two other witnesses can remember, he looked disgusted and his body language expressed it. This is a violation of ADA, NJLAD, and the Code of Judicial Conduct (Exhibit E).

17. In 2014, just over a month after my assault, I was crushed by Jitney that missed my stop and failed to stop close to the curb in violation of City Ordinance 233-41(O)[1] where the driver left a huge gap which allowed me to fall into and be crushed when he moved. This injury took all my savings and much more, well over $500,000, and months of recovery which will not end. Over 5o fractures. The videotape clearly shows the violation. The Atlantic City Police Department did not issue a ticket despite the violation of the ordinance. The defendant died and was not able to be deposed. The case went to trial. The prejudice of the judge was evident by her allowing me to be harassed by the Defendants' counsel who asked me the same question over 20+ times as I was crying and she saw me in severe distress and did nothing. Likely the first modern-era cross-examination allowed assault on a disabled person in New Jersey Judiciary history. After allowing it, and the court jury calloused by allowing it Honorable Siracusa issued a directed verdict for Defendant against me, with a non-agreed to the jury charge. It was evident by the judge's gestures and her voice that it was done with prejudice. All good courts at one time or other have stated "We are satisfied beyond any doubt that the verdict was against the weight of the evidence so as to constitute a miscarriage of justice and that the trial court was in erred in denying the motion for a new trial" *Dolson v Anastasia New Jersey Supreme Court 1969*. In appeal, I requested that the audio be included for the court to show prejudice but it was denied. A jury here will hear the discrimination.

18. The attorney from Cooper Levenson P.A., Randolph Lafferty, failed to make a motion to object to the non-agreed jury charge[2] and a motion for a new trial based on the preponderance of the evidence above: I had five experts, videos, and the defense had nothing, nothing. The motion for a new trial must have been done *sua sponte* by the judge

---

[1] AC Jitney Ordinance 233-41(O): It shall be unlawful.... in all cases such embarking and disembarking passangers shall be at a point as near the curb as may be practicable.

[2] "Fredrick Pollock asserts [he died] that he was not negligent in causing the incident and that conduct was not a proximate cause of any injury suffered by Mrs. Kennedy and he is not responsible for any of her damages." Said in perjudical way. Audio available.

Agreed to Jury Charge, "Mrs. Kennedy alleges Mr. Pollock was negligent in the operation of the jitney, and his negligence caused he physical injuries. Fredrick Pollock asserts that he was not negligent in causing the incident"

in the interest of justice and as a matter of law for an elderly, indigent, disabled person. The system is prejudiced in this way.

19. In the case of ATL-L-916-22, I filed a no-cost "Motion for Transfer" in the Landlord Tenant Court request to have Hon. Judge McCain[3] transferred the Landlord Tenant case to the Law Division because of an NJLAD claim for refusing legal money (Covid-19 assistance), failure to cooperate with rental assistance, and requesting money already paid by federal funds (fraud). I was going to be evicted at the age of 90 years old otherwise. The motion is allowed when the Landlord case is more complicated than a summary proceeding. The "LT" for Landlord Tenant was not written on the motion because I can not see and authorized an "L" instead of "LT". The motion was confused for Law Division by the Atlantic County Civil Court Clerk who filed it as a Law Division case. I had to pay a $50 filing fee. The case was assigned ATL-L-1366-22.

20. The Docket report for ATL-L-1366-22 shows that no case initiation fee or fee waiver was provided, no civil information sheet (CIS) was written, no parties were served, etc., and I (Hilda) filed for the Defendant against myself[4] (Exhibit F). The case was assigned to Honorable Judge Sarah Johnson.

21. At the same time, I had a real case where I paid $250 for the NJLAD claim that my landlord did not cooperate with federal rental assistance, wanted duplicate funds, and caused an FHA violation(s). These claims are the reason for my requesting a transfer from Landlord Tenant to the Law Division. To summarize partly, the landlord claimed that I did not sign the lease in the designated amount of time so I was a squatter and could be evicted. New Jersey has the most rights for the tenant not to be evicted in the nation. The law is called the anti-eviction law. However as Frontline explained in Documentary Squatters are not covered by any protection. I disagreed.

---

[3] Only the Landlord Tenant Judge can answer the motion.
[4] And won against myself.

22. A few days before the oral argument cases ATL-L-1366-22 and ATL-L-924-22, ATL-L-1366-22 was re-assigned from Honorable Sarah Johnson to Honorable Judge John Porto and he combined case ATL-L-1366-22 with ATL-L-924-22, two different cases. One, Motion to Transfer (does not exist), and one for a motion to dismiss for failure to state a claim, and Defendants and Plaintiffs are reversed.

23. I made a motion to amend the complaint based on the facts and deficiencies, a motion for declaratory judgment, and filed my opposition to the motion to dismiss for failure to state a claim, I responded that Defendant added material outside of the pleading and the motion had to change to a summary judgment and material facts had to be vetted and notice is given of the new filing and the motion to dismiss for failure to state a claim dismiss.

24. I also sent Hon. John Porto a reasonable request letter for him to speak loudly, slowly, and explain. He did not reply to my letter or acknowledge me during the conference at the oral argument. He did not let me speak despite my verbal request over the phone, begging.

25. Hon. Judge Porto then ruled against me in summary judgment on both cases without allowing me discovery, and no notice was given of the change of motion rather he said he would not rule on a motion for summary judgment over the phone. There are multiple of non-agreed statements and false statements that it would take too long to explain here, but to summarize, the motion for summary judgment could not be granted given these differences.

26. As an attorney courts can be difficult, and as a *pro se* they can be extra difficult, as a disabled person, this procedure itself is very difficult without any special accommodations but to do *ad hoce* rules is beyond any attorney and way beyond any *pro se* party and impossible for a disabled person. This was done to me by discrimination because my request to speak slowly, and loudly and explain was not done. Just as if the police officer did not tell me anything and I crossed the street at a red light.

27. However, since the court had no jurisdiction over me in case ATL-L-1366-22 and the case did not exist since I did not file it for Plaintiff as stated, but rather, I was attempting to file a motion to transfer the landlord-tenant for NJLAD, FHA, and Fraud rights: It stands that Hon. Judge John Porto was acting *under the color of law* to prohibit me from my state and federal civil rights. Further, the defendant's two attorneys, Adam Greenberg, and Anthony Velasquez did not inform the court of the problem but accepted the verdict in violation of the American Bar Association Ethics Rule 3.3; candor to the court or here, lying to the court in a discriminatory act that was *under the color of law* so they too are tainted. Where the court should have fined them for these acts and omissions the court did not but injoined in them because I am disabled and to further its crime.

28. Case Atl-L-22 is also connected to NJLAD, FHA, and Fraud for duplicate federal rental assistance. Since the Order is consolidated with the other motion and Hon. John Porto was acting *under the color of law*, both are in the furtherance of that crime to deny a disabled person state and federal civil rights and protections. The Order (Exhibit G) can not be separated from its illegal intent. I am sure it itself has more violations of both ethics and law if read by an experienced civil rights prosecutor.

29. In furtherance of Hon. John Portos acting *under the color of law*, I was denied my request for a Fee Waiver stating both cases are frivolous to stop me from appealing the cases as proof of his intent because I fully qualify and the Appellate Court has jurisdiction to review any final judgment (Exhibit H)

30. In appealing an illegal action, the New Jersey Appellate Court has asked me to fix deficiencies three times when the first was correct and not allowed me to pdf the file despite my disabilities. That court has even claimed that it lost my papers but for the fact that I take AcceLink to file the documents in time and get a stamped copy. The court than through Demeris Brito, replied, "it is not we hate you." This is manifested evidence that the court realizes that a disabled person can't overcome the court's discriminatory hurdles,

31. I have filed a malpractice case with an affidavit of merit against Cooperlevenson P.A. and their employee Randolph Lafferty, Esq, ATL-L-3744-21 (Exhibit I). I have requested a Ferrara conference in two motions and a letter, but it has not been scheduled even after 90 days of an answer: It is required by precedent in a New Jersey Supreme Court decision. I have not been allowed access to my files in Defendant's possession despite a motion and a letter which was also not replied to all.

32. Defendant Cooperlevenson P.A. and their employee Randolph Lafferty Esq. did not answer the complaint concerning the employment of Randolph Lafferty in violation of the rules of the Court. More, both parties share the same in-house attorney representing them creating an unwaivable conflict of interest that any other plaintiff would have had disqualified and the attorney sanctioned and forwarded to the American Bar Association.

33. I made an appeal on the disqualification of opposing counsel and was denied, along with my request to compel Defendant to allow me access to my files. I appealed the case ATL-L-3744-21 decision and it is beyond my ability to do a motion for leave to appeal without extra time as a formal brief is required. When I filed the brief on ATL-l-9999-17 it was sent back three times for minor issues despite my disability. This was emotionally draining and created a hardship when other judiciaries require a letter brief in place of a formal one.

34. The malpractice case was reassigned to Hon. John Porto and his first acts were to ignore my request for a STAY for ATL-L-3744-21 pending my appeal and deny my fee waiver to the New Jersey Appellate Court by stating he does not know what the fee waiver is for, which he knows from my request for a STAY and the two appeals I have pending in his case. He knows if he issues a fee waiver it cancels his denial of his requested fee waiver (ExhibitJ). This is another illegal barrier while acting *under the color of law* to prevent me from my civil rights

35. When the ORDER was given for my motion for Transfer and NJLAD, FHA, and fraud saying yes I am a squatter and could be evicted as a fact-finding court. The judge opened the door to have me evicted and homeless because the defendants in furtherance of their ethics violations, lying to the court, took it to the Landlord Tenant Court. The Landlord Tenant Judge no longer had to consider the case transfer from Landlord Tenant Court to the Law Division and had the fact finder court determine I was indeed a squatter and not protected by the New Jersey Anti-Eviction Law and without remedy of law be evicted, owe past due rents and not get any state or federal assistance. More I would not be able to appeal his actions. This is Honorable Judge Porto's intention in acting *under the color of law*. It tolled on me and my family.

36. One of the first cases my South Jersey Legal Aid attorney had found was that I had to be offered a lease agreement twice and then given notice before my refusal to renew was made official. And in another case, the New Jersey Supreme Court ruled that even after the trial I could sign a lease with no consequences of being a squatter. I was not evicted and received state and federal assistance. But it stands that the Landlord erred in violating state and federal (FHA) laws by refusing to cooperate with my assistance thereby causing late fees. Still, Honorable Portos Orders stands that I am a squatter. These acts are directly related to my discrimination against a disabled person and on the cover of acting *under the color of law* and is protected by the laws herein

37. I can not express myself as eloquently as attorneys or healthy others of my peers but I will try: Defendant made no rules of court to protect my protected class and those *ad hoce* rules go even farther to discriminate. The Court falters and this makes it worst. Here the Court system itself is the violator of civil rights, so I seek relief from the federal court as shown below.

## DECLARATORY JUDGEMENT UNDER FRCP RULE 57

38. The defendant must not object to these Declaratory Judgements under rule 57 since they are in the interest of justice by both New Jersey state and federal rules.

39. Some of these Declaratory Judgement has taken me ten years with civil rights violation to achieve and I respectfully request the right to amend or add or change or delete them at some point unknown under FRCP 57:

40. Declaratory Judgement requests: (1) In New Jersey Court Docket number ATL-L-366-22, the court does not have personal jurisdiction over me, a disabled person Hilda Kennedy. (2) Hilda Kennedy or any other Defendant, in that case, did not file ATL-1366-22 for Plaintiff and the attorney(s) for Defendant did not tell the judge that it was not filed by them. (3) Fredrick Pollock violated Atlantic City Ordinance number 233-41(O)(4) the case ATL-L-1167-15 should have been granted *sua sponte* a new trial based on the preponderance of the evidence. (5) I was abused at trial, a disabled person at trial, and Honorable Siracusa did not stop it.(6) Plaintiffs attorney in case ATL-L-1167-15 erred in not objecting to the discrimination and abuse of me a disabled person on the stand by opposing counsel (7) The plaintiffs erred in not making a motion for a new trial to preserve the plaintiff's right on appeal, (8) In case ATL-L-3744-21 Defendants attorney Rona Zucker Kaplan must be disqualified for creating a non-waivable conflict (9) In case ATL-L-3744-21, the attorney Rona Zucker Kaplan failed to answer a complaint in full, in violation of the New Jersey Rules of Court.

41. I request these declaratory judgments from the federal court because the state courts have discriminated against me so much that this is the only way I achieve justice which is this Court Rule one:

> Under Rule 57. "These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action."

## PRAYER FOR RELIEF

WHEREFORE, Hilda T Kennedy prays that the Court:

A. Grant judgment in favor of her and declare that Defendant N.J.C.S. has violated Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35;

B. Enjoin Defendant and its agencies, agents, employees, instrumentalities, successors, and all persons in active concert or participation with it from engaging in discriminatory policies and practices against Hilda T Kennedy or any other party with disabilities or otherwise violating Title II of the ADA and its implementing regulation;

      C.    Require Defendant to adopt or revise its policies to explicitly state that no court within the N.J.C.S. may discriminate against, exclude from participation, or deny the benefits of their services, programs, or activities—including county court proceedings, probationary programs, and treatment courts—to qualified individuals with disabilities.

      D.    Order Defendant to identify one or more employees responsible for monitoring the compliance of courts within the N.J.C.S with the ADA, training court staff, and overseeing investigations and resolutions of ADA complaints or grievances;

      E.    Order Defendant to update its complaint process as needed, to ensure that ADA- related complaints filed against any court in the UJS are promptly reviewed, investigated, and equitably resolved in compliance with 28 C.F.R. § 35.107;

      F.    Order Defendant to train and educate all court staff about discrimination practices and the nondiscrimination requirements of Title II of the ADA;

      G.    Award compensatory damages to Hilda Kennedy and other aggrieved individuals for injuries caused by the ADA violations alleged in this Complaint;

      H.    The Court please grant all declaratory judgment requested.

      I.    Order such other appropriate relief as the interests of justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury as to all issues, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT, either jointly, severally, or in the alternative, for damages, including punitive damages pursuant to N.J.S.A. 2A:15-5.9, et. seq., together with interests and costs of suit.

Respectfully submitted,

Hilda T. Kennedy    DATE: September 27, 2022

Defendant:

The Honorable Glenn A. Grant, J.A.D.
Administrative Director of the
New Jersey Courts
25 Market Street
Trenton, NJ 08611
609-815-2900 ext 55003

C.C.

Disability Rights Section Civil Rights Division
U.S. Department of Justice
150 M Street NE
Washington, D.C. 20530
Telephone: 202-307-0663
David.Knight@usdoj.gov
Adam.Lewis@usdoj.gov

Peter Rodino US Attorney
For New Jersey
Federal Building
970 Broad St #806,
Newark, NJ 07102
(973) 645-2700