**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HILDA T. KENNEDY, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | Civil Action<br>No. 22-05797-KMW-MJS |
| THE NEW JERSEY COURT SYSTEM, *et al.*, | **OPINION** |
| Defendants. | |

APPEARANCES:

HILDA T. KENNEDY
2834 ATLANTIC AVE, APT 815
ATLANTIC CITY, NJ 08041

    *Pro Se Plaintiff*

BARKHA PATEL, ESQ.
OFFICE OF THE ATTORNEY GENERAL
DIVISION OF LAW, TORT LITIGATION & JUDICIARY SECTION
25 W. MARKET STREET
P.O. BOX 116
TRENTON, NJ 08625

    *Counsel for Defendant the New Jersey Court System*

**WILLIAMS, District Judge:**

## I.      INTRODUCTION

Pro se plaintiff Hilda Kennedy ("Plaintiff") brings this action against the State of New Jersey Judiciary ("Defendant") alleging that Defendant is in violation of Title II of the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD"). Plaintiff alleges that she was discriminated against her on the basis of an alleged disability by the Judges who oversaw her four different lawsuits in the New Jersey State Court system.

On September 28, 2022, Plaintiff filed her Complaint. ECF No. 1. On February 20, 2023, Plaintiff sought to amend her Complaint. ECF No. 11. On March 7, 2023, Defendants filed a Cross Motion and Opposition to Amend the Complaint. ECF No. 15. Plaintiff opposed Defendant's Cross Motion and Opposition to Amend, ECF No. 19, and Defendant replied. ECF No. 20. Plaintiff provided addendum and letters to the Court related to Defendant's reply. ECF Nos. 21, 22. For the reasons that follow, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART.**[1]

## II.     BACKGROUND

Plaintiff alleges that over the course of four state cases filed between 2014 and the present, Defendant and its employees have discriminated against her because she is disabled.

The first case occurred in early 2014 and stems from Plaintiff's allegation that she was assaulted by a jitney driver. Pl.'s Compl. ¶¶11-12. Plaintiff alleges that Judge Porto discriminated against her in this case when he ignored her request for him to speak "slowly, loudly, [and] clearly" at an oral hearing. *Id.* ¶14. Plaintiff believed Judge Porto denied several of her motions because she is disabled. *Id.* ¶¶14-16. Plaintiff also asserts Judge Porto was showing contempt for the

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

disabled because she saw him give a "disgusted" look when he heard the settlement amount she received. *Id.*

In her second case, Plaintiff was "crushed" and "run over" by a jitney bus. *Id.* ¶17. Plaintiff alleges that Judge Siracusa discriminated against her because she "permitted an abusive cross examination" of Plaintiff and did not stop the questioning despite Plaintiff's distress, purportedly caused by her disability. *Id.* Plaintiff also asserts that Judge Siracusa's entry of a directed verdict against Plaintiff was based on Plaintiff's disability. *Id.*

In her third case, Plaintiff filed suit based on a landlord tenant dispute that ultimately was assigned to Judge Porto. *Id.* ¶22. Again, Plaintiff alleges Judge Porto discriminated against her when he did not grant Plaintiff's request for him to speak "slowly, loudly, [and] clearly" for her at a hearing and did not allow Plaintiff to speak. *Id.* ¶24. Plaintiff alleges that Judge Porto granted summary judgment against her because she is disabled. *Id.* ¶¶25-28. Plaintiff further alleges that Judge Porto denied her request for a fee waiver to appeal and called her case "frivolous," because she is disabled. *Id.* ¶¶29, 35-36.

In her fourth case, Plaintiff filed a malpractice suit against Cooper Levenson P.A. and attorney Randolph Lafferty, where she asserts Mr. Lafferty is wrongfully withholding her file and cites various other issues she had with his performance. *Id.* ¶¶18, 31. Ultimately this case was also reassigned to Judge Porto who Plaintiff claims denied her request for a stay and her fee waiver to appeal because of her disability. *Id.* ¶34.

Finally, Plaintiff filed appeals in three out of four of her state law cases where she received an adverse ruling and asserts that the over-complicated nature of the appeals process discriminates against the disabled. *Id.* ¶¶17, 30, 33.

On September 28, 2022, Plaintiff filed this case in federal court seeking declaratory judgment to modify or overturn aspects of her four state court decisions and for this Court to find that Defendant is in violation of Title II of the ADA. *Id.* ¶40-I. Plaintiff asks the Court to enjoin Defendant and its employees from engaging in further discrimination against her and other disabled people, as well as require remediation of the barriers Plaintiff identified in her Complaint. *Id.* Plaintiff also seeks compensatory damages. *Id.*

### III.   LEGAL STANDARDS

#### A.  Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1), a defendant may seek dismissal of a complaint based on a court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 5 U.S. 137, 1 Cranch (5 U.S.) 137, 173-180 (1803)).

When considering a Rule 12(b)(1) motion challenging subject matter jurisdiction, "[a] district court has to first determine . . . whether [the] motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). As the Third Circuit explained in *Constitution Part of Pennsylvania v. Aichele*:

> A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to

4

> invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present. Such an attack can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint.

*Id.* at 358 (citing *Mortensen*, 549 F.2d at 891). On the other hand, a factual attack "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.*

The Third Circuit has held that, although Eleventh Amendment immunity is not, strictly speaking, a matter of subject-matter jurisdiction, it nonetheless analyzes the jurisdictional aspects of sovereign immunity under the scope of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *See Wilson v. N.J. Dep't of Corrs.*, No. 16-7915, 2017 U.S. Dist. LEXIS 170321 at *5, *8-9 (D.N.J. Oct. 13, 2017) (citing *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008)). While plaintiff must usually bear the burden of persuading the court that subject matter jurisdiction exists under Rule 12(b)(1), the party asserting Eleventh Amendment immunity bears the burden of proving Eleventh Amendment applicability because such immunity can be expressly waived or forfeited and therefore "does not implicate federal subject matter jurisdiction in the ordinary sense." *Messina v. Coll. of N.J.*, 624 F. Supp. 3d 523, 526-27 (D.N.J. 2022) (internal citations and quotations omitted).

Therefore, in the context of the motions at bar raising Eleventh Amendment immunity as a defense, the Court will review the pleading under a facial attack analysis. *See Fidanzato v. Somerset Hunterdon, and Warren Counties Vicinage 13*, No. 11-5132, 2012 WL 4508008 at *5 (D.N.J. Sept. 28, 2012) ("an assertion of immunity under the Eleventh Amendment is a facial attack on this Court's subject matter jurisdiction"). Therefore, "'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light

most favorable to the plaintiff.'" *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (quoting *In re Schering*, 678 F.3d at 243). "[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." *Id.* (citation omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

A district court may consider allegations in the complaint; matters of public record, orders, and exhibits attached to the complaint are taken into consideration. *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 551 (D.N.J. 2013) (citing *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990)). Thus, generally, a district court cannot consider matters that are extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, courts may consider documents integral to or explicitly relied upon in the complaint without converting the motion to dismiss to one for summary judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426). In this regard, it is critical to consider "whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

*Pro se* complaints are liberally construed and "held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). A *pro se* complaint will be dismissed if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mishra v. Fox*, 197 F. App'x 167, 168 (3d Cir. 2006) (quoting *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3d Cir. 1996)).

### C.  Federal Rule of Civil Procedure 15

Federal Rule of Civil Procedure 15 governs the availability and timing for amending a complaint. *See* Fed. R. Civ. P. 15. Pursuant to Rule 15(a) a plaintiff may amend their pleading once a as matter of course, but at all other times, a plaintiff must seek leave of the court to amend

their complaint. *Id.*[2] When considering a plaintiff's motion to amend, the Supreme Court has instructed that although "the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court may deny leave to amend if it is being made in bad faith, for dilatory motive, undue delay, prejudice, or futility. *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). To assess whether amending a complaint is futile the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.*

## IV.   DISCUSSION

First and foremost, a federal district court is a court of limited jurisdiction, and has the power to hear only those cases "within the bounds of Article III and the United States Constitution and Congressional enactments stemming therefrom." *College Sav. Bank. V. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 948 F. Supp. 400, 406 (D.N.J. 1996) (internal citations and quotations omitted). The question of jurisdiction is "so fundamental" that it is a question that the Court must consider even when it is not otherwise put into contention by the parties. *Id.* (quoting

---

[2] Fed. R. Civ. P. 15
(a) Amendments Before Trial.
  (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
      (A) 21 days after serving it, or
      (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
  (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
  (3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

*Mansfield, Coldwater & Lack Michigan Ry. v. Swan*, 111 U.S. 379, 382 (1884)). Therefore, the Court must address the jurisdictional concerns raised by Defendant because without jurisdiction, the court cannot address any other matters related to the case because such matters would be rendered moot without jurisdiction. *See id.* (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

**A. Sovereign Immunity**

Because "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction," the Court will first address the Eleventh Amendment defense asserted by Defendant. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996). The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This means that a federal court cannot have jurisdiction over a state unless that state consents to being sued in federal court. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The barrier against suit from the Eleventh Amendment can extend to State agencies acting as "arms of the state," which are defined as entities that, by their very nature, are so intertwined with the State that any suit against them renders the State the real, substantial party in interest. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974). To determine whether an entity is an "arm of the state" and entitled to immunity, the Court must determine: (1) whether payment of a judgment resulting from the suit would come from the state treasury, (2) the status of the entity under state law, and (3) the entity's degree of autonomy." *Fitchnik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (1989). Most entities must affirmatively outline their compatibility with the *Fitchnik* factors, however it is well-established that "state courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the State

of New Jersey, and therefore considered 'arms' of the state." *Dongon v. Banar*, 363 Fed. App'x 153, 156 (3d Cir. 2010). This immunity is far reaching, but not absolute in that there are three narrow exceptions to Eleventh Amendment immunity: (1) abrogation by Act of Congress, (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law.[3] *See Fidanzato*, 2012 WL 4508008 at \*6 (internal citations and quotations omitted).

Plaintiff's claims arise under Title II of the ADA and the NJLAD. It is well settled that New Jersey has not waived its Eleventh Amendment immunity for claims brought in federal court under the NJLAD. *See Fidanzato*, 2012 WL 4508008 at \*7 (citing *Bennett v. City of Atl. City*, 288 F.Supp.2d 675, 683 (D.N.J. 2003)); *Garcia v. Richard Stockton Coll.*, 210 F.Supp.2d 545, 550 (D.N.J. 2002) ("New Jersey has not stated 'by the most express language' that it is open to private suits under the NJLAD in federal court."). Therefore, all Plaintiff's claims brought pursuant to NJLAD are dismissed based on the application of Eleventh Amendment immunity.

On the other hand, there is a narrow exception to Eleventh Amendment immunity: as pertinent here, Congress abrogated state sovereign immunity under Title II of the ADA, insofar as it created a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment. *See United States v. Georgia*, 546 U.S. 151, 154 (2006). Consequently, because Plaintiff's ADA claims are not precluded by Eleventh Amendment immunity[4] the Court must reconcile the viability of Plaintiff's ADA claims with the Rooker-Feldman Doctrine to determine if it can reach the merits of Plaintiff's ADA claims.

---

[3] To the extent that Plaintiff intends to amend her Complaint and raise claims against the Judges as individual state officials for prospective relief to remedy an ongoing violation of federal law, the conduct that Plaintiff complains of is not a continuing ongoing violation in that these decisions that Plaintiff believes demonstrates discrimination by the Judges in her cases are final decisions that she cannot prove under the NJLAD because the Judges are entitled to Eleventh Amendment immunity.

[4] To the extent that Plaintiff intends to amend her Complaint to raise ADA claims against Judge Porto and Judge Siracusa, those claims must be dismissed because the ADA does not provide for individual liability. *See Fidanzato*,

### B. Rooker-Feldman Doctrine[5]

The Rooker-Feldman Doctrine prevents "lower federal courts. . . from exercising appellate jurisdiction over final state-court judgments[.]" *See Lance v. Dennis*, 546 U.S. 459, 463 (2006). The only court that has jurisdiction to review the decisions of state courts is the United States Supreme Court. *See* 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court[.]"). The Rooker-Feldman Doctrine is specific to cases brought by those who have lost in state court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, this Court cannot "grant the federal plaintiff the relief sought, [if] the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *Jones v. New Jersey*, No. 13-4485, 2014 U.S. Dist. LEXIS 90315 at *4 (D.N.J. Jun. 30, 2014). There are four requirements that must be met for the Rooker-Feldman Doctrine to apply:

> (1) the federal plaintiff lost in state court;
> (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments";
> (3) those judgments were rendered before the federal suit was filed; and

---

[5] 2012 WL 4508008 at *7. As discussed, Title II of the ADA does in fact reach past sovereign immunity in that it creates a private cause of action against the States for conduct that violates the Fourteenth Amendment. *Id.* (quoting *United States v. Georgia*, 546 U.S. 151, 154 (2006)). However, to the extent that Plaintiff attempts to state a claim against the individual judges while operating in their official capacities, such claims cannot apply because judges are not "public entities" as defined by the ADA and are not subject to liability under that statute. *Id.*; *see also Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002) (noting "individuals are not liable under Titles I and II of the ADA").

[5] The Court notes that Plaintiff brings up several state court cases in her Complaint. Plaintiff asserts there were two cases related to her tenancy claims, ATL-L-1366-22 and ATL-L-000924-22, which were both heard by Judge Porto. *See* Pl.'s Compl. ¶22; *see Esq. Capital III LLC v. Kennedy John*, No. ATL-L-001366-22, at LCV20222285333 (denying motions to consolidate and transfer the Landlord-Tenant matter to the Law Division) (disposition date June 16, 2022). For clarity, the Court will refer to the tenancy claims cases solely by ATL-L-000924-22.

> (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Kajla v. Cleary*, 821 Fed. App'x 119, 121 (3d Cir. 2020) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)).

The first requirement of the Rooker-Feldman Doctrine, to have "lost" in state court means that, as a general rule, the federal plaintiff must have been a party to the state court proceeding and received an adverse ruling. *See Merritts v. Richards*, 62 F4th 764, 774 (3d Cir. 2023).

Here, Plaintiff was a party in all of the state cases at issue, and Plaintiff "clearly believes [she] is the 'state-court loser.'" *Harris v. Brody*, 317 Fed. App'x 153, 155 (3d Cir. 2008); *see also* Def.'s Br. Exs. 1-3.[6] To this end, all of Plaintiff's cases satisfy the first requirement of the Rooker-Feldman Doctrine.

In Plaintiff's case related to the assault by the jitney driver (ATL-L-2208-16), the parties reached a settlement, and the matter was voluntarily dismissed. *See* Def.'s Br. Ex. 1; *see also* Pl.'s Compl. ¶16. Although Plaintiff does not directly indicate that she is unhappy with the settlement itself, she asserts that she believed that the legal process leading to that result was rife with discrimination, and thus the judgment was unfair. *See* Pl.'s Compl. ¶¶14-16. In Plaintiff's case where she was "run over" by the jitney (ATL-L-01167-15), Plaintiff alleges that the Judge issued a directed verdict against her because she is disabled, and the appellate court upheld the ruling that the driver was not negligent. *See* Pl.'s Compl. ¶17; *see also* Def.'s Br. Ex. 2. Plaintiff's case regarding her landlord tenant dispute was dismissed on July 20, 2022, and its appeal was denied due to lack of prosecution. *See* Def.'s Br. Ex. 3; *see also Kennedy Hilda v. E.S.Q. Capital III LLC*,

---

[6] The Court notes that matters of public record, and those documents integral to or explicitly relied upon in the complaint, such as Def.'s Br. Exs. 1-3 and the related public dockets of Plaintiff's state court cases, may be considered without converting the motion to dismiss into one for summary judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal citations and quotations omitted).

No. ATL-L-000924-22 (case disposition: dismissed by court with prejudice). Lastly, in Plaintiff's malpractice case (ATL-L-3744-21), she asserts that Judge Porto denied her request for a stay pending appeal and denied her order for indigency. *See* Pl.'s Compl. ¶34.

Turning to the second requirement of the Rooker-Feldman Doctrine, Plaintiff's Complaint entirely focuses on her perceived injuries from her various state court decisions. For example, *see* Pl.'s Compl. ¶17, (Plaintiff alleging that Judge Siracusa permitted an abusive cross examination because of discriminatory animus, issued a directed verdict); *see also id.* ¶¶22, 24-25, 27-29, 34-36, (Plaintiff noting that Judge Porto labeled Plaintiff as a "squatter," because she is disabled and intentionally prevented her from being able to appeal her landlord tenant case due to his bias against disabled people). Plaintiff also described the emotional harm of Judge Porto's lack of acknowledgment of her disabilities and his discrimination against her because she is disabled in all of her proceedings before him. *id.* ¶¶14-16, 24, 26-29, 34-36. Thus, all of Plaintiff's state court cases meet the second requirement.

The third requirement of the Rooker-Feldman Doctrine requires the Court to determine if the state court judgments "were rendered." This Circuit requires that the result of the state court action be "effectively final" before the institution of the federal suit to qualify for the application of the Rooker-Feldman Doctrine. *See Merritts*, 62 F4th at 776-77. The "effectively final" standard is a "waive-or-exhaust" rule for federal claims in state courts, where a state court judgment becomes effectively final in three ways:

> 1) the highest state court has issued a terminal ruling;
> 2) a lower state court has issued a ruling for which the time to appeal has expired or the parties have voluntarily terminated the case; or
> 3) all questions of federal law have been resolved by the highest state court.

*See id.* at 777 n.8.

Here, not all of the judgments of the state court cases cited above were rendered prior to this case's filing on September 28, 2022. Plaintiff's first and second cases were adjudicated before the start of the instant case, and her third and fourth cases were not.

Plaintiff's first case settled on May 24, 2019. *See Kennedy Hilda v. Zaman Mohammad*, No. ATL-L-2208-16 (case disposition: dismissed by court with prejudice). Plaintiff's second case went to trial, which was completed on September 5, 2017. *See Kennedy Hilda T v. Pollock Frederic A*, No. ATL-L-001167-15 (case disposition: tried to completion with jury). The appeal of Plaintiff's second case was decided on December 20, 2019. *Id.* at LCV20192349240. In the New Jersey State court system, the deadline to apply for an appeal is 45 days after the signed final judgment is filed. *See* New Jersey Court Rules 2:4-1: Time for Appeal: From Judgments, Orders, Decisions Actions and From Rules. Plaintiff filed the instant case on September 28, 2022. Therefore, Plaintiff's first and second cases satisfy the third requirement because these matters were beyond the 45 days permitted to appeal prior to the federal case being filed.

On the other hand, Plaintiff's third case was closed following the Court's denial of a Motion for Reconsideration on July 20, 2022, and Plaintiff's appeal was denied on December 14, 2022, almost three months after the instant case was filed. *Kennedy Hilda v. E.S.Q. Capital III LLC*, No. ATL-L-000924-22, at LCV20222699748 and LCV20224218300. Plaintiff's fourth case is ongoing.[7] Therefore, Plaintiff's third and fourth cases do not satisfy the third requirement because neither case received an "effectively final" judgment prior to Plaintiff filing her federal case on September 28, 2022.

In relation to the fourth requirement of the Rooker-Feldman Doctrine, Plaintiff's requested relief requires this Court to review and reject the state court judgments. "This condition is satisfied

---

[7] As of September 18, 2023, the parties are participating in discovery. *See Kennedy John v. Cooper Levenson Law Firm*, No. ATL-L-003744-21, at LCV20232874203.

for claims that seek to determine whether [the state court] reached its result in accordance with law or to have the state-court decisions undone or declared null and void." *Merritts*, 62 F.4th at 777. In all four cases, Plaintiff asserts that the results reached were somehow unlawful, and thus all four of her cases satisfy the fourth requirement of the Rooker-Feldman Doctrine.[8]

Because the Rooker-Feldman Doctrine only applies when all of its requirements are satisfied, the only cases that do not satisfy all four requirements and therefore are not barred by the Rooker-Feldman Doctrine (as they relate to Plaintiff's ADA claims) are her third and fourth cases. Plaintiff's third case regarding landlord tenant claims (ATL-L-000924-22) is not barred by the Rooker-Feldman Doctrine because the denial of her appeal came after the filing of the federal case and Plaintiff's fourth case regarding malpractice claims (ATL-L-3744-21) is not barred because the case is still ongoing.

The question of whether her ADA claims can survive a motion to dismiss is not before the Court today, and recognizing this, the Court grants Plaintiff the ability to amend the complaint to clarify her ADA claims arising solely from her landlord tenant case (ATL-L-000924-22) and her malpractice action (ATL-L-3744-21) if she so chooses.

The Court acknowledges Plaintiff's frustration with the procedures and policies in place within the New Jersey state court system and notes her efforts to bring her experiences to the attention of others. However, this Court is bound by its jurisdictional limitations, the Federal Rules

---

[8] For example, Plaintiff requests a declaratory judgment that states that her case before Judge Siracusa (ATL-L-1167-15) should have been granted a new trial based on preponderance of the evidence. *See* Pl.'s Compl. ¶40. Plaintiff also wants compensation for the discrimination she has faced during her various legal battles, which would implicate the settlement involving the assault by a jitney driver (ATL-L-2208-16), as the Court believes she is asserting that the judgment was unfair due to the presence of discrimination and bias. *See* Pl.'s Compl. ¶¶14-16, G. In Plaintiff's landlord tenant matter, Plaintiff seeks a declaration that "the [state] court does not have personal jurisdiction over [her]" as well as other relief. *Id.* In Plaintiff's fourth case (ATL-L-3744-21) she asserts that Judge Porto is intentionally preventing her from filing appeals by denying her Orders for Indigency, among other claims. *Id.* at ¶34. Therefore, all of Plaintiff's state cases clearly fulfill the fourth requirement of the Rooker-Feldman Doctrine.

of Civil Procedure, and the precedent as discussed in this Opinion. Simply stated, this Court does not have the power or authority to address the Plaintiff's NJLAD claims and may only grant Plaintiff the opportunity to amend her Complaint to the extent noted herein.

V.      CONCLUSION[91011]

For the reasons set forth above, Defendant's Opposition to Plaintiff's Motion Seeking Leave to Amend and Cross Motion to Dismiss Plaintiff's Complaint is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claims arising under the NJLAD and Plaintiff's ADA claims stemming from her first (ATL-L-2208-16) and second (ATL-L-001167-15) state court cases are **DISMISSED WITH PREJUDICE**. Plaintiff may amend her Complaint to clarify her ADA claims arising solely from her landlord tenant (ATL-L-000924-22) and her malpractice (ATL-L-3744-21) state court cases if she so chooses, within 30 days of the issuance of the order consistent with this Opinion that will be entered.

September 29, 2023

KAREN M. WILLIAMS, U.S.D.J.

---

[9] To the extent that Plaintiff's Complaint seeks relief due to the actions of various attorneys, this Court cannot provide such relief because those attorneys are not parties to this action. *See* Pl.'s Compl. ¶40.

[10] To the extent that Plaintiff intends to amend her Complaint to bring claims against Judge Porto and Judge Siracusa in any other capacity, judicial immunity would apply. Judges are absolutely immune from suit when they act in the performance of their duties. *See Kajla*, 821 Fed. App'x at 121. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)) (other internal quotation marks omitted). The characteristics of whether an act by a judge is a "judicial" act that is protected by immunity are related to the nature of the act itself, (whether it is a function normally performed by a judge), and to the expectations of the parties, (whether they dealt with the judge in his judicial capacity). *See Stump*, 435 U.S. at 362. Here, the complained-of acts all relate to the judges in how they conducted their various cases where Plaintiff was a party, which is precisely the action that judicial immunity is applicable to, and the fact that Plaintiff insists that their decisions were done in error or through discriminatory motive cannot overcome judicial immunity. *See Kajla*, 821 Fed. App'x at 121.

[11] To the extent that Plaintiff also seeks to create a class action through the amendment of her Complaint, the motion must be denied. *See* Pl.'s Motion to Amend at 16. Here, Plaintiff cannot satisfy the prerequisites of Rule 23(a) because pro se plaintiffs cannot adequately represent a class because pro se litigants may not appear as an attorney for others. *See Blue v. Def. Logistics Agency*, 181 Fed. App'x 272, 275 (3d Cir. 2006).