ECF No. 40

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

**HILDA KENNEDY,**

       **Plaintiff,**

v.

**THE NEW JERSEY COURT SYSTEM,**

       **Defendant.**

Civ. No. 22-05797 (KMW/MJS)

---

**O P I N I O N   A N D   O R D E R**

This matter is before the Court on the January 28, 2024 motion filed by pro se plaintiff Hilda Kennedy ("Plaintiff") seeking the appointment of pro bono counsel ("Motion") [ECF No. 40]. No opposition to the Motion has been filed. The Court exercises its discretion to decide the Motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, the Motion is **DENIED.**

**BACKGROUND**

Plaintiff filed a Complaint on September 28, 2022, alleging that defendant, the New Jersey Court System, more properly the State of New Jersey Judiciary ("Defendant"), violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq. ECF No. 1. Plaintiff alleges that she was discriminated against on the basis of an alleged disability by the judges who oversaw her four different lawsuits in the New Jersey state court system. Id. Following a series of motions, the Court ordered that Plaintiff's claims arising under the NJLAD and Plaintiff's ADA claims

1

stemming from two of her state court cases be dismissed with prejudice and granted Plaintiff leave to amend her complaint to clarify her ADA claims from her two other state cases. ECF Nos. 23 and 24. Plaintiff filed her Amended Complaint on December 8, 2023. ECF No. 30. Defendant has moved to dismiss the Amended Complaint, and Plaintiff has filed a motion pursuant to Federal Rule of Civil Procedure 15 to supplement her pleading. ECF Nos. 36 and 43. These motions are fully briefed and pending before the Court.

Plaintiff has paid the filing fee in this matter. ECF No. 1. Plaintiff applied to proceed in forma pauperis ("IFP") in this matter on February 20, 2023, and then withdrew her application on March 4, 2023. ECF Nos. 10 and 13. On January 28, 2024, Plaintiff again applied to proceed IFP and has recently submitted a letter in further support of her application. ECF Nos. 41 and 47. Plaintiff's motion for pro bono counsel was filed simultaneously with her IFP application. ECF No. 40.

**DISCUSSION**

Motions for the appointment of pro bono legal counsel are governed by 28 U.S.C. § 1915(e), which grants District Courts broad discretion to request counsel for indigent litigants. These appointments are "neither a constitutional nor a statutory right." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997)). The court must establish that the claim has "'some merit in fact and law'" before using its discretion to make an appointment. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (quoting Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)).

Here, the Court will assume for purposes of this motion alone that Plaintiff's claims have "some merit in fact and law" because the Court has granted Plaintiff leave to amend her complaint and this matter has not been entirely dismissed with prejudice. See Shakur v. N.J. State Prison

Med. Dep't, Civ. No. 19-14994, 2022 WL 970225, at *2 (D.N.J. Mar. 31, 2022). The Court further observes that "indigence is a prerequisite for the appointment of pro bono counsel." Massaro v. Balicki, Civ. No. 13-6958, 2016 WL 4204547, at *5 (D.N.J. Aug. 8, 2016); 28 U.S.C. § 1915(e)(1). Again, while Plaintiff is not currently proceeding IFP, the Court will presume, for purposes of this motion only, that indigence has been established by virtue of the pending application [ECF No. 41].

Having determined, for the purposes of this Motion, that Plaintiff has met the requisite threshold burden, the Court shall now proceed to consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his [or her] own behalf.

Parham, 126 F.3d at 457 (citing Tabron, 6 F.3d at 155-56, 157 n.5). This list of factors is non-exhaustive, and "should serve as a guidepost" for the Court's analysis. Id. at 458.

The Court finds that the factors weigh against appointing Plaintiff pro bono counsel at this time and on this record. Plaintiff has not demonstrated that she is unable to represent herself. Plaintiff argues in her pro bono application that she "ha[s] limited abilities and access to lawyer resources." ECF No. 40 at 7. However, the mere fact "that an indigent party lacks a trial lawyer's skills does not mean the court should grant [Plaintiff's] request for counsel." Juarez v. Fed Ex, Civ. No. 11-3967, 2012 WL 1949845, at *2 (D.N.J. May 30, 2012) (citing Gordon v. Gonzalez,

3

232 F. App'x 153, 157 (3d Cir. 2007)). Moreover, Plaintiff alleges that her age and disabilities make it difficult for her to present her case. ECF No. 40 at 7. However, the record indicates that Plaintiff, without the aid of counsel, has been able to present her own case. Plaintiff has filed her complaint [ECF No. 1], moved to file an amended complaint [ECF No. 11], filed an amended complaint after successfully seeking extensions of time to do so [ECF Nos. 25, 29, 30], filed an opposition to Defendant's motion to dismiss [ECF No. 38], filed a motion pursuant to Federal Rule of Civil Procedure 15 [ECF No. 43], and has submitted numerous other filings, including the present motion.

Further, Plaintiff does not sufficiently address the other Tabron factors in her Motion, including the complexity of her claims, the degree to which factual investigation will be necessary, whether the case is likely to turn on credibility determinations, or whether the case will require the testimony of expert witnesses. Therefore, the Court does not have enough information regarding the facts and circumstances supposedly warranting the appointment of pro bono counsel at this time.

Accordingly, for all the foregoing reasons,

**IT IS** on this **2nd day** of **August 2024**,

**ORDERED** that Plaintiff's motion to appoint pro bono counsel [ECF No. 40] is **DENIED without prejudice**.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

cc:   Hon. Karen M. Williams
      United States District Judge

4